MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

**United States District Court**

Southern District of New York

GLORIA WARE,

    Plaintiff,

-against-

TOWN OF HAVERSTRAW, CHARLES MILLER, Chief of the Town of Haverstraw Police Department, POLICE OFFICER JOSE M. MARTINEZ, POLICE OFFICER MICHAEL CRUGER, POLICE OFFICER EDWARD DEVOE, POLICE OFFICER GARY LAZAR, SERGEANT PETER MURPHY, and LIEUTENANT MARTIN LUND,

    Defendants,

**07 CIV. 9243**
**JUDGE KARAS**

PLAINTIFF DEMANDS A TRIAL BY JURY

Civil Action No_____
COMPLAINT FOR DAMAGES-
Assault; Battery
42 U.S.C. 1981, 1983, 1985

**PRELIMINARY STATEMENT**

1.     This is an action for monetary damages (compensatory and punitive) against TOWN OF HAVERSTRAW, NEW YORK (hereinafter TOWN,) CHIEF CHARLES MILLER, (hereinafter MILLER), individually and as a supervisory employee of defendants, POLICE OFFICER JOSE M. MARTINEZ (hereinafter MARTINEZ), POLICE OFFICER MICHAEL CRUGER (hereinafter CRUGER), POLICE OFFICER EDWARD DEVOE (hereinafter DEVOE), POLICE OFFICER GARY LAZAR (hereinafter LAZAR), SERGEANT PETER

MURPHY (hereinafter MURPHY), and LIEUTENANT MARTIN LUND (hereinafter LUND), police officers of defendant TOWN, persons intended being the police officers and/or supervisors who participated in the assault and battery of plaintiff, GLORIA WARE.

2. It is alleged that on September 16, 2006, at approximately 8:30 p.m., defendants MARTINEZ, CRUGER, DEVOE, LAZAR, MURPHY and LUND, police officers and/or supervisors of the Town of Haverstraw Police Department, and of defendant TOWN, individually, and MILLER, as a supervisory employee of defendants, and as agents, servants and/or employees of defendants, acting in concert, under color of state laws, intentionally and wilfully subjected plaintiff to assault and battery.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections 1981, 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff, GLORIA WARE was and is a citizen of the United States and at all times relevant hereto resided in the County of Rockland, and State of New York.

6. Defendant TOWN was at all times relevant hereto, a municipal corporation, and a

subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7. The Town of Haverstraw Police Department was at all times relevant hereto, a subdivision, department or agency of Defendant TOWN.

8. The defendant officers, MARTINEZ, CRUGER, DEVOE, LAZAR, MURPHY and LUND, and defendant MILLER were, at all times relevant hereto, employees of the Town of Haverstraw Police Department duly appointed and acting as police officers in the TOWN and were agents, servants and/or employees of defendant TOWN, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9. Defendant MILLER, is and was, at all times relevant hereto, a supervisory employee of, and an agent, servant and/or employee of Defendant TOWN, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of its functions in the course of his duties. MILLER is sued individually and in his supervisory capacity.

10. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant and the State of New York.

## NOTICE OF CLAIM

11. Within 90 days following the incidents of September 16, 2006, plaintiff filed written Notice of Claim with Defendant TOWN. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. On Saturday, September 16, 2006 at approximately 8:30 p.m. plaintiff GLORIA M. WARE entered the premises known as and located at 57 East Railroad Avenue in the Town of Haverstraw, County of Rockland and State of New York.

13. She was told that her son Leon R. Smith was upstairs with the police. At that time there was a loud, physical altercation taking place up the stairs.

14. As plaintiff ran up approximately six steps on the long flight of stairs, plaintiff's son Leon was being taken down the stairs in handcuffs by several police officers of defendant TOWN, who, upon information and belief, included defendants CRUGER, DEVOE, LAZAR and MARTINEZ..

15. Plaintiff asked one of the descending officers what her son was being arrested for.

16. As one officer began to tell her that there was a warrant, another officer thereupon, with unlawful, unwarranted and excessive force and violence shoved Leon forward causing him and another officer to fall against, and then down the stairs on to, plaintiff WARE, who thereby fell down the steps, causing her physical and emotional personal injury, fracturing her left ankle in the fall, for which she required and continues to require medical aid and treatment.

17. While the plaintiff GLORIA M. WARE was waiting for the ambulance to arrive to transport her to a hospital for her above injury, she was callously, wrongfully, unlawfully, and abusively told by one of the defendants, a police officer of defendant TOWN, that it was "good" that her ankle was fractured by one of the officers.

18. Without just cause, and on account of pure meanness and malice, and for racist reasons,

defendants acting in concert, maliciously and with intent to injure plaintiff WARE, and without just cause or any right to do so, caused plaintiff WARE to fall down the steps, thereby causing plaintiff WARE painful, permanent, personal injury, and violating plaintiff WARE's rights under the constitutions of the United States and the State of New York.

19. The actions of the defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

    a. Freedom from the use of excessive, unreasonable and unjustified force against a person.

    b. Freedom from malice.

20. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to: Personal injury, violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from embarrassment, humiliation, loss of income, loss of employment, loss of weight, emotional distress and mental anguish.

**FIRST COUNT**
**(42 U.S.C. SECTIONS 1983 and 1985**
**AGAINST INDIVIDUAL DEFENDANTS)**

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. The individual defendants, acting in concert and under the color of state law, have deprived plaintiff WARE of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

23. As a result, plaintiff WARE claims damages for the injuries set forth above.

## SECOND COUNT
## (ASSAULT)

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Upon approaching plaintiff WARE, defendants MARTINEZ, CRUGER, DEVOE, LAZAR, MURPHY and LUND, acting in concert, made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

26. As a result of that assault, plaintiff WARE claims damages for the injuries set forth above.

## THIRD COUNT
## (BATTERY)

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. Defendants MARTINEZ, CRUGER, DEVOE, LAZAR, MURPHY and LUND, acting in concert, pushed WARE down the staircase committed battery against plaintiff WARE.

29. As a result of the battery, plaintiff WARE claims damages for the injuries set forth above.

## FOURTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT
## - *RESPONDEAT SUPERIOR*)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. Defendants TOWN and MILLER are liable for the damages suffered by the plaintiff GLORIA WARE as a result of the conduct of their agents, servants and employees, under the doctrine of *respondeat superior*.

32. Defendants TOWN and MILLER, by their agents, servants and employees, subjected plaintiff GLORIA WARE to assault, battery, embarrassment, shame and public humiliation, loss of money, and the loss of employment.

33. As a result of the battery, plaintiff WARE claims damages for the injuries set forth above.

## FIFTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT TOWN
## 42 U.S.C. SECTION 1983)

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Defendants TOWN and MILLER knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

36. Prior to September 16, 2006, defendants TOWN and MILLER developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Haverstraw, which policies and/or customs caused the violation of plaintiff GLORIA WARE's rights.

37. Upon information and belief, it was the policy and/or custom of defendants TOWN and MILLER to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by defendant , including, but not limited to incidents where defendants MARTINEZ, CRUGER, DEVOE, LAZAR, MURPHY and LUND and their supervisors have in the past assaulted and battered innocent citizens, utilizing unjustified, excessive and unwarranted force, and allowed other police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

38. It was the policy and/or custom of defendants TOWN and MILLER to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. They

did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

39. As a result of the above described policies and/or customs, police officers of the TOWN, subordinates of MILLER, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the TOWN to the constitutional rights of persons within the TOWN, and were the cause of the violations of plaintiff's rights alleged herein.

41. As a result of the wrongful, deliberately indifferent and illegal acts of defendants TOWN and MILLER, plaintiff WARE claims damages against those defendants for the injuries set forth above.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Blauvelt, New York
This //day of October, 2007

Michael R. Scolnick, P.C.

By: _____
Michael R. Scolnick    MS9984

-8-

        Attorneys for plaintiff
        175 Burrows Lane,
        Blauvelt, New York 10913
        Phone: (845) 354-9339
        Fax:(845) 365-1506
        E-Mail: Scollaw@optonline.net