UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WARE,                                              :

        Plaintiff,                         :         ORDER

        -against-                          :         07 Civ. 9243 (LMS)

TOWN OF HAVERSTRAW, et al.,                        :

        Defendants                          :

--------------------------------------------------------x

      Defendants' counsel has submitted to the Court for *in camera* review a Town of Haverstraw Investigative Report for which it claims a privilege. The privilege invoked is "investigatory privilege," citing United States v. American Telephone & Telegraph Co., 86 F.R.D. 603, 639 (D. D.C. 1979) (In adopting guidelines established by a Special Master in a complex antitrust action for applying the law of privilege in that case, the following Guideline was established: "There is a qualified privilege against disclosing material in the file of a government law enforcement investigation, . . . if (a) The investigation is pending or, although presently closed, has a substantial possibility of being reactivated, and revelation of the material may prejudice the success of the investigation or a proceeding to which the investigation is directed; or (b) The investigation is closed and the disclosure of the information will seriously impair the ability of investigatory bodies to conduct future investigations."); In re Adler, Coleman, Clearing Corp., 95-08203 (JLG), 1999 WL 1747410, at *3 (S.D.N.Y. Dec. 8, 1999) ("The 'investigatory privilege' is a qualified common law privilege protecting . . . criminal law-enforcement investigatory files from civil discovery. . . . There are three prerequisites to the assertion of the privilege: (i) the head of the department having control over the information

requested must assert the privilege; (ii) the official in question must do so based on actual personal consideration; and (iii) he or she must specify the information purportedly covered by the privilege, and accompany the request with an explanation as to why such information falls within the scope of the privilege.") (citations omitted); and Brown v. City of Oneonta, 160 F.R.D. 18, 21 (N.D.N.Y. 1995) ("ongoing investigation" privilege found not applicable in the circumstances of that case). Defendants have failed to carry their burden of establishing such a privilege. Indeed, they have made no effort to carry their burden.

The law of privilege is to be narrowly construed, because when privilege applies, relevant and probative evidence may be kept from the fact finder. University of Pennsylvania v. EEOC, 493 U.S. 182, 189 (1990). The so-called investigatory privilege, invoked by Defendants here, is also referred to as the law enforcement privilege, "an interest worthy of protection." United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995); see also In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988) (referred to as "Law Enforcement Investigatory Privilege").

> To establish the law enforcement privilege, a party invoking it must meet certain threshold requirements: (1) a formal claim of privilege must be lodged by the head of the department which has control over the requested information; (2) assertion of the privilege must be based on actual personal consideration of the matter by that official; and (3) the claim must specify, with particularity, the information for which the privilege is invoked, and must explain why it falls within the scope of the privilege.

United States v. The Painting Known as "Le Marche", 06 Civ. 12994 (RJS)(KNF), 2008 WL 2600659, at *1 (S.D.N.Y. June 25, 2008) (citing In re Sealed Case, 856 F.2d at 271); see also In re Adler, Coleman, Clearing Corp., 95-08203 (JLG), 1999 WL 1747410, at *3 (cited by Defendants).

The threshold requirements cannot be presumed or inferred by the Court. "A formal claim of privilege must be made through an affidavit by a responsible official in the agency, one who has a relevant supervisory or policy making role, after personal consideration of the matter[.]" The Painting Known as "Le Marche", 2008 WL 26000659, at *1. It is not sufficient for the attorney representing the law enforcement agency in the litigation to make this argument. Id. (*citing* Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987)). Additionally, the assertion of privilege requires " 'a substantial threshold showing[ ] that there are specific harms likely to accrue from disclosure of specific materials' and [ ] this burden must be discharged by presenting 'those facts that are the essential elements of the privileged relationship' and not 'by mere conclusory or ipse dixit assertions.' " MacNamara v. City of New York, 249 F.R.D. 70, 79 (S.D.N.Y. 2008) (citations omitted). These "threshold requirements" are necessary "to provide a court with the information necessary to make a reasoned assessment of the weight of the interests against and in favor of disclosure" and to allow a plaintiff "a fair opportunity to challenge the bases for the assertion of the privilege." The Painting Known as "Le Marche", 2008 WL 2600659, at *1 (*quoting* Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal.1992)).

In this case, even though Defendants cited to In re Adler, which sets forth the necessary threshold requirements for successfully invoking this privilege, Defendants made no effort to satisfy those requirements. Even if the submission from counsel was an affirmation or affidavit – it is not – it identifies no specific harms likely to accrue from disclosure of this report. Additionally, the assertion of privilege in this case has been lodged by defense counsel – not by the head of the Town of Haverstraw Police Department – and has been asserted in a perfunctory manner without any indicia that an appropriate law enforcement official personally considered or

reviewed the potential implication of disclosing this information.

Moreover, even if the threshold requirement were met, counsel has rather incredibly sought protection for the entire report, even though more than 8 pages of the report consists of a transcript of a tape-recorded interview of Plaintiff that was conducted in the presence of her attorney. Any privilege that might have extended to an investigative report would clearly not extend to this portion of the report, as any privilege was affirmatively waived under those circumstances.[1]

Defendants' letter motion seeking protection of the Investigative Report, initially dated 11-29-06, last interview dated 5-22-08, consisting of 39 pages, is denied. Defendants shall produce a complete copy of said Investigative Report to Plaintiff's counsel within 5 business days of the date of this Order.

Dated: August 13, 2008
        White Plains, New York

SO ORDERED.

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[1] Counsel is admonished to read the cases cited in their submissions, to apply the law it cites, and to read the documents for which it claims privilege, before making any submission to the Court. Assertions of privilege are not taken lightly, and future, unsubstantiated assertions of privilege, similar to the instant assertion, may result in the imposition of sanctions under Rule 11.